UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL SERVICES LLC f/k/a GREEN TREE SERVICING LLC, and; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br>v.<br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION; TBR I, LLC; AIRMOTIVE INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:16-cv-00194-MMD-WGC<br><br>ORDER |

**I.     SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Ditech Financial Services, LLC f/ka Green Tree Servicing LLC's ("Ditech") motion for summary judgment ("Motion") (ECF No. 98). The Court has reviewed Defendant Airmotive Investments, LLC's ("Airmotive") response (ECF No. 105) and Plaintiffs' reply (ECF No. 113). The Court grants summary judgment in favor of Plaintiffs on their claims for declaratory relief and quiet title against Airmotive because 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") preserved Fannie Mae's deed of trust. The Court declines to exercise supplemental jurisdiction over Plaintiffs' claim for recovery of proceeds under NRS § 107A.330 and dismisses Plaintiffs' remaining claims as moot.

**II.     BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Janet Matthai ("Borrower") purchased the property ("Property") located at 7491 Rembrandt Drive, Sun Valley, Nevada 89433 with a loan ("Loan") in the amount of

///

$144,500 secured by a first deed of trust ("DOT"). (ECF No. 98-1 at 2-4.) The DOT listed Bank of America, N.A. ("BANA") as the lender. (*Id.* at 3.)

Fannie Mae purchased the Loan—consisting of the DOT and the note—in October 2008.[1] (ECF No. 98-2 at 3-4.)

The Property was located within Highland Ranch Homeowners Association (the "HOA"). The HOA recorded the following notices against the Property between February 9, 2011 and March 5, 2013: (1) notice of delinquent assessment lien (ECF No. 98-4); (2) notice of default and election to sell (ECF No. 98-5); and (3) three notices of trustee's sale (ECF Nos. 98-6, 98-7, 98-8). The HOA sold the Property to itself for $450 on April 10, 2013 ("HOA Sale"). (ECF No. 98-9 at 2-3.) The HOA recorded a quitclaim deed transferring its interest in the Property to TBR I, LLC on March 21, 2014. (ECF No. 98-10.) TBR I recorded a quitclaim deed transferring its interest in the Property to Airmotive on February 29, 2016. (ECF No. 98-11.)

Fannie Mae asserts that it owned the Loan at the time of the HOA Sale, with BANA serving as the recorded beneficiary of the DOT and servicer for Fannie Mae. (ECF No. 98-2 at 3.) BANA recorded an assignment of the DOT transferring its beneficial interest to Green Tree Servicing f/k/a Ditech Financial, LLC on May 31, 2013. (ECF No. 98-3.)

Plaintiffs assert the following claims in the First Amended Complaint ("FAC"): (1) declaratory relief under 12 U.S.C. § 4617(j)(3) – against Airmotive; (2) quiet title under 12 U.S.C. § 4617(j)(3) – against Airmotive; (3) declaratory relief under Amendments V and XIV to the United States Constitution – Ditech against all defendants; (4) quiet title under the Amendments V and XIV to the United States Constitution – Ditech Against Airmotive; (5) recovery of proceeds under NRS § 107A.330(3)(a)-(b) – against Airmotive; (6) declaratory judgment on state-law grounds – against Airmotive; (7) breach of NRS § 116.1113 – against Highland Ranch; and (8) wrongful foreclosure – against Highland Ranch. (ECF No. 91 at 9-18.) Plaintiffs primarily seek a declaration that the HOA Sale did

---

[1]The parties dispute whether Fannie Mae actually purchased the Loan and owned the Loan at the time of the HOA Sale. The Court addresses this dispute *infra* Section IV(A).

2

not extinguish the DOT and that the DOT continues to encumber the Property based on operation of the Federal Foreclosure Bar. (*See* ECF No. 91 at 18.)

**III.     LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Federal Foreclosure Bar

Plaintiffs argue that the Federal Foreclosure Bar protects Fannie Mae's interest in the DOT. (ECF No. 98 at 2.) The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *See id.* at 933.

The first two factors are satisfied because the Court grants Fannie Mae's request for judicial notice (ECF No. 98 at 7-8) of the following: (1) facts derived from the publicly available records of the Washoe County Recorder; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

The third factor—whether Fannie Mae possessed an enforceable property interest at the time of the HOA Sale—is also satisfied. Fannie Mae has produced evidence in the form of business records and a declaration of a Fannie Mae employee describing those records to show that Fannie Mae acquired the Loan in October 2008 and continued to own

4

the Loan at the time of the HOA Sale in April 2013. (*See* ECF No. 98-2 at 3-4, 7-21.) Airmotive argues that the evidence is inconclusive because it consists primarily of screenshots dated September 19, 2018. (ECF No. 105 at 12.) Thus, according to Airmotive, the evidence only shows that Fannie Mae was the owner of the Loan in 2018. (*See id.*) The Court finds Airmotive's argument unpersuasive. While the screenshots apparently were captured on September 19, 2018, the content of the screenshots reflects that Fannie Mae acquired the Loan in 2008 and tracked payments on the Loan during the time of the HOA Sale. (*See* ECF No. 98-2 at 3-4, 7-21.) This is sufficient to show that Fannie Mae owned the Loan at the time of the HOA Sale. *See, e.g.*, *Bank of Am., N.A. v. Casoleil Homeowners Ass'n*, No. 3:16-cv-00307-MMD-WGC, 2019 WL 2601555, at *4 (D. Nev. June 25, 2019).

Thus, the Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

Airmotive argues that BANA—not Fannie Mae—held a property interest in the DOT at the time of the HOA Sale because only the servicer of the Loan (not the owner) holds a property interest in the DOT. (ECF No. 105 at 16.) The Court finds this argument unpersuasive because the Nevada Supreme Court has found that Fannie Mae has standing to invoke the Federal Foreclosure Bar. *See, e.g.*, *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 366 (Nev. 2018).

Airmotive argues that Fannie Mae was required to record an assignment demonstrating Fannie Mae's interest in the DOT. (ECF No. 105 at 17-23.) The Court rejects this argument as it has in similar cases. *See Casoleil*, 2019 WL 2601555, at *4; *see also CitiMortgage, Inc. v. TRP Fund VI, LLC*, 435 P.3d 1226 (Nev. 2019) ("We

///

conclude that NRS 111.325 does not support respondent's position that the purported transfer of the loan to Fannie Mae needed to be recorded.").

Airmotive also argues that it is a bona fide purchaser. (ECF No. 105 at 27.) This Court has concluded that "the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute." *Casoleil*, 2019 WL 2601555, at *4 (quoting *U.S. Bank Home Mortg. v. Jensen*, No. 3:17-cv-00603-MMD-VPC, 2018 WL 3078753, at *2 (D. Nev. June 20, 2018)).

### B. Assignment of Rents

Plaintiffs seek summary judgment on their fifth claim for recovery of proceeds under NRS § 107A.330. (ECF No. 98 at 16.) The Court does not have original jurisdiction over this state law claim, and it appears to present a novel issue of state law given that no Nevada appellate court has cited or discussed the statute. The Court thus declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim raises a novel or complex issue of State law.").

### C. Remaining Claims

The Court will grant summary judgment in favor of Plaintiffs as to their claim for quiet title against Airmotive. The Court declares that the Federal Foreclosure Bar prevented the HOA Sale from extinguishing the DOT and that any interest of Airmotive in the Property is subject to the DOT. Given that this is the primary relief requested in Plaintiff's FAC and Motion[2] (*see* ECF No. 91 at 18; ECF No. 98 at 21), the Court dismisses Plaintiffs' remaining claims as moot.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

---

[2]Other than Plaintiffs' request for an order requiring Airmotive to pay rents under NRS § 107A.330.

6

It is therefore ordered that Plaintiffs' motion for summary judgment (ECF No. 98) is granted as to Plaintiffs' claims for declaratory relief and quiet title against Airmotive. The Court declares that the Federal Foreclosure Bar prevented the HOA Sale from extinguishing the DOT and that any interest of Airmotive in the Property is subject to the DOT. The Court declines to exercise supplemental jurisdiction over Plaintiffs' claim under NRS § 107A.330 and dismisses Plaintiffs' remaining claims as moot.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 12th day of September 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE